IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

EON SHEPHERD,

                Plaintiff,        Civil Action No.
                                              9:10-CV-1524 (TJM/DEP)

  v.

BRIAN FISCHER, *et al.*,

                Defendants.
_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

SHMULSKY LAW OFFICE         ALEXANDER SHMULSKY, ESQ.
19 Montcalm Street
Ticonderoga, NY 12883

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN    CATHY Y. SHEEHAN, ESQ.
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

*Pro se* plaintiff Eon Shepherd, a New York State prison inmate, has commenced this action against several employees of the New York State Department of Corrections and Community Supervision ("DOCCS"),

pursuant to 42 U.S.C. § 1983, alleging that the defendants have violated his civil rights. Plaintiff's complaint, as amended, asserts a variety of claims against forty-one defendants based upon events occurring between April 2008 and November 2010 at five separate prison facilities.[1]

Now that discovery in the action is complete and the court has addressed a motion filed by the defendants seeking the entry of partial summary judgment dismissing certain of plaintiff's claims, the matter is ready for trial and has been placed upon the court's master trial calendar. In anticipation of trial, defendants now move for severance of the remaining claims for trial into three groupings. For the reasons set forth below, I recommend the motion be granted.[2]

---

[1] Forty-one defendants, in addition to John Does and Jane Does, are identified by name in the caption of plaintiff's amended complaint. *See* Dkt. No. 45. Of those, three defendants – Dr. Johnson, R.N. Holmes, and C.O. Basket – are not referenced in the portion of the amended complaint where parties to the action are identified. *See id.* at 2-3. Those defendants, however, are named in the body of plaintiff's amended complaint. *See, e.g., id.* at 5, 9, 29 (Basket); 15, 31, 32 (Holmes); 19, 20, 26, 27, 31 (Johnson). Plaintiff's claims against defendant Basket were dismissed without prejudice on March 18, 2015, based upon the fact that he was not served with the summons and complaint in a timely fashion. *See* Dkt. No. 195 at 2. Dismissal of plaintiff's medical indifference claims against Dr. Johnson and R.N. Holmes was granted, also on March 18, 2015. *See id.*

[2] Ordinarily, the issues of joinder and severance are matters that fall within my jurisdiction and the scope of the court's referral of the matter to me for purposes of addressing non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). I have formatted this decision, however, as a report and recommendation in light of my finding that, based upon earlier decisions, plaintiff's claims against certain of the defendants in the action should have been dismissed, but were not. In this report, I am recommending dismissal of the claims that should have been dismissed based upon the court's earlier summary judgment decision.

I. BACKGROUND

This matter has an extensive procedural history. The action was filed in the Southern District of New York in October 2010, but was subsequently transferred to this district by order issued by Chief District Judge Loretta A. Preska on December 10, 2010. Dkt. Nos. 1, 3. On May 11, 2011, following that transfer, Senior District Judge Thomas J. McAvoy conducted an initial review of plaintiff's original complaint and issued a decision dismissing certain of his claims, and directing service of the summons and complaint. Dkt. No. 5. Plaintiff has since filed an amended complaint in the action on August 17, 2011. Dkt. Nos. 45, 78. In addition, four separate motions for preliminary injunctive relief have been filed by the plaintiff, and denied by the court. Dkt. Nos. 49, 78, 159, 161, 163, 168, 189, 192.

In his amended complaint, the currently operative pleading, plaintiff identifies numerous defendants by name, and others as "Doe" defendants. Dkt. No. 45 at 2-3. Plaintiff's claims arise out of events occurring at five separate prisons, including the Upstate, Clinton, Five Points, Shawangunk, and Green Haven Correctional Facilities. *See generally* Dkt. No. 45. Generally speaking, plaintiff alleges that he was subjected to sexual assault, excessive force, violation of his freedom of religion, denial

of access to the courts, deprivation of procedural due process, and denial of adequate medical care. *Id.* Specifically, plaintiff's amended complaint asserts the following causes of action: (1) excessive force claims against defendants Jones, Carlee, Bower, Prebalick, Cioffa, Evans, Menard, Belsio, Rozwell, Cambria, Colvin, and Lempke;[3] (2) due process claims against defendants Cunningham, Ramus, Bezio, and Fischer;[4] (3) verbal harassment claims against defendants Bower, Prebalick, Menard, and Basket; (4) deliberate medical indifference claims against defendants Holmes, Parmer, Smith, Weissman, Chesbrough, Bellnier, Rock, Lashway, Cusack, Johnson, Weinstock, Lempke, Colvin, Sgt. Jones, Atkinson, Fairchild, Hawthorne, Rowe, Thomas, Perez, Bellamy, Fischer, Wright, Amatucci, Artus, Clemons, Prebalick;[5] (5) retaliation claims against defendants Prebalick, Lempke, Colvin, Carlee, Atkinson, Chesbrough,

---

[3]  Plaintiff asserts the excessive force claims against defendants Colvin and Lempke based on their roles as supervisors.

[4]  Plaintiff asserts the due process claims against defendants Bezio and Fischer based on their roles as supervisors.

[5]  Plaintiff asserts the deliberate medical indifference claims against defendants Bellnier, Rock, Lempke, Colvin, Bellamy, Fischer, Wright, and Artus based on their roles as supervisors. In addition, plaintiff asserts the deliberate medical indifference claims against defendants Johnson, Weinstock, Weissman, Hawthorne, and Smith based on their capacities as supervisors, as well as their direct involvement in treating plaintiff.

4

Fairchild, Holmes, and Bower;[6] (6) free exercise and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims against defendants Evans, Artus, Rock, Bellnier, Fischer, Lempke, Colvin, Menard, Carlee, Prebalick, Belsio, Rozwell, and Basket;[7] (7) denial of access to the courts claims against defendants Prebalick, Lempke, and Colvin;[8] and (8) failure to protect claims from harm against defendants Whipple, Barber, Bower, Rowe, Lempke, Colvin, and Sgt. Jones.[9] As relief, plaintiff seeks compensatory and punitive damages in the amounts of $200,000 and $100,000, respectively, from each defendant. Dkt. No. 45 at 34.

---

[6]   Plaintiff asserts the retaliation claims against defendants Lempke and Colvin based on their roles as supervisors.

[7]   Plaintiff asserts the free exercise and RLUIPA claims against defendants Artus, Rock, Bellnier, Fischer, Lempke, and Colvin based on their roles as supervisors.

[8]   Plaintiff asserts the denial of access to the courts claims against defendants Lempke and Colvin based on their capacities as supervisors.

[9]   Plaintiff's amended complaint sets forth twenty-nine numbered causes of action. Dkt. No. 45 at 29-33. Those claims, however, are not organized in any meaningful or logical manner. Accordingly, the eight categories of claims listed above are intended to consolidate plaintiff's causes of action as they are asserted in the amended complaint. In addition, based on my review of the pleading, and mindful of my obligation to extend special solicitude to *pro se* litigants, I have construed the amended complaint to assert additional causes of action not expressly identified by the plaintiff. By way of example, although none of the twenty-nine listed causes of action assert an excessive force claim against defendants Cioffa and Evans, in the body of the complaint, specifically at paragraph twenty, plaintiff alleges that defendants Prebalick, Cioffa, and Evans used force against him after he fell by slamming him on the ground, picking him up off of the ground, and throwing him into his cell. Dkt. No. 45 at 5.

On May 10, 2014, defendants moved for the entry of partial summary judgment dismissing certain of plaintiff's claims on a variety of grounds. Dkt. No. 174. Following the completion of briefing with respect to that motion, I issued a report on February 23, 2015, recommending that the motion be granted, in part. Dkt. No. 194. That recommendation was adopted by decision and order issued by Senior District Judge Thomas J. McAvoy on March 18, 2015. Dkt. No. 195. Unfortunately, due to the formatting of my report and recommendation, confusion was engendered as to which, among the forty-one defendants named in plaintiff's amended complaint, were contemplated by the court to remain in the action. By way of example, although it was clear from my report and recommendation in the summary paragraph that plaintiff's claims against Commissioner Brian Fischer and Dr. Lester Wright were being dismissed based upon lack of personal involvement, the recommendation portion of my decision and, consequently, the order portion of Senior District Judge McAvoy's subsequent decision, did not explicitly reference those defendants. Similarly, while in my report I recommended dismissal of plaintiff's deliberate medical indifference claims against certain specified defendants, I failed to identify which of those defendants were named by

the plaintiff solely in connection with his medical difference claims and, consequently, should be dropped as defendants from the lawsuit.

Based upon my earlier report and recommendation and Senior District Judge McAvoy's approval of it, the court intended that plaintiff's claims against the following defendants should remain in the case for trial:

| Defendant[10] | Causes of Action | Prison Facility |
| --- | --- | --- |
| Dr. Amatucci | Medical Indifference | Downstate |
| Supt. Artus | Medical Indifference, Interference With Religion | Clinton |
| R.N. Atkinson | Retaliation | Upstate |
| Sgt. Barber | Failure to Protect | Five Points |
| N. Bezio | Due Process | DOCCS Hq. |
| C.O. Belsio | Excessive Force, Interference With Religion | Upstate |
| C.O. Bower | Excessive Force, Failure To Protect, and Retaliation | Five Points |
| C.O. Cambria | Excessive Force | Unknown |
| C.O. Carlee | Interference With Religion, | Five Points |

---

[10] Defendants' pending motion lists only twenty-three remaining defendants. Dkt. No. 197-1 at 4-5. From a review of the record, however, it appears that plaintiff's procedural due process claims against Norman Bezio, based upon his having affirmed the results of allegedly flawed disciplinary hearings, have not been dismissed and therefore remain in the action. *See generally* Dkt. No. 194. Similarly, plaintiff's deliberate medical indifference claim asserted against Dr. Hawthorne survived defendants' partial summary judgment motion, as did the retaliation claims asserted against R.N. Holmes and Superintendent Lempke. *Id.*

|  |  |  |
|---|---|---|
|  | Retaliation, and Excessive Force |  |
| <u>Defendant</u> | <u>Causes of Action</u> | <u>Facility</u> |
| R.N. Chesbrough | Retaliation | Upstate |
| C.O. Cioffa | Excessive Force | Five Points |
| Deputy Colvin | Excessive Force, Interference With Religion, Retaliation | Upstate |
| Deputy Cunningham | Due Process | Green Haven |
| C.O. Evans | Excessive Force, Interference With Religion | Five Points |
| R.N. Fairchild | Retaliation | Upstate |
| Dr. Hawthorne | Medical Indifference | Unknown |
| R.N. Holmes | Retaliation | Upstate |
| Sgt. Jones | Failure to Protect/Medical Indifference | Five Points |
| R.N. Lashway | Medical Indifference | Clinton |
| Supt. Lempke | Excessive Force, Interference With Religion Retaliation | Upstate |
| Sgt. Menard | Excessive Force, Interference With Religion | Clinton |
| C.O. Prebalick | Excessive Force, Interference With Religion, Retaliation | Five Points |

| | | |
|---|---|---|
| Hearing Officer Ramus | Due Process | Five Points |
| Sgt. Rowe | Failure to Protect, | Upstate |
| C.O. Rozwell | Excessive Force, Interference With Religion | Upstate |

II. DISCUSSION

In their motion, defendants propose to divide plaintiff's claims into three categories and that each grouping be tried separately. Dkt. No. 197-1 at 5-6. Defendants propose that one trial address all claims arising from Clinton, as well as the medical indifference claim against Dr. Amatucci based upon his conduct at Downstate. *Id.* at 6. Under defendants' proposal, the second trial would address all claims arising from Five Points, as well as the procedural due process cause of action asserted against Deputy Superintendent Cunningham based upon events at Green Haven.[11] *Id.* The third trial would encompass all claims against the Upstate defendants, as well as an excessive force claim against Corrections Officer Cambria based upon events occurring at an unknown

---

[11] Although omitted from defendants' motion, plaintiff's claims against defendant Bezio should be included in this grouping.

9

location. *Id.* Plaintiff, who is now represented by assigned *pro bono* counsel, has not opposed defendants' motion.[12]

The permissive joinder of defendants in a single action is governed by Rule 20 of the Federal Rules of Civil Procedure, which provides, in pertinent part, as follows:

> (2) **Defendants.** Persons. . .may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out the same transaction, or occurrence, or a series of transactions or occurrences; and
>
> **(B)** any questions of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); *see Corporan v. City of Binghamton*, No. 05-CV-1340, 2006 WL 2970495, at *2 (N.D.N.Y. Oct. 16, 2006) (McAvoy, J.). Where claims against defendants are not properly joined under Rule 20, Rule 21 of the Federal Rules of Civil Procedure authorizes the court to

---

[12] Addressing a party's failure to oppose a motion, the local rules of practice for this court provide as follows:

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y.L.R. 7.1(b)(3).

order severance. *Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D. D.C. 2010); *Ketchuck v. Farris*, No. 10-CV-0870, 2011 WL 3666594, at *3 (N.D.N.Y. Mar. 31, 2011) (Peebles, M.J.), *adopted by* 2011 WL 3666589 (N.D.N.Y. Aug. 22, 2011) (McAvoy, J.).

The decision whether to sever claims that have been improperly joined is addressed to the sound discretion of the court. *Ketchuck*, 2011 WL 3666594, at *3; *Corporan*, 2006 WL 2970495 at *3; *Preferred Med., P.C. v. Geico Gen. Ins. Co.*, No. 03-CV-8516, 2005 WL 2777309, at *3 (S.D.N.Y. Oct. 21, 2005). That determination is informed by several relevant factors, including whether (1) the claims arise out of the same transaction or occurrence, (2) they present common questions of law or fact; (3) settlement of the claims or judicial economy would be furthered by severance; (4) prejudice would be avoided through severance; and (5) different witnesses and evidence is required in connection with separate claims. *Corporan*, 2006 WL 2970495, at *3; *Globe Am. Cas. Co. v. Davis*, No. 08-CV-0232, 2008 WL 586419, at *3 (E.D. Tenn. Feb. 27, 2008); *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 12 (D. D.C. 2004); *Preferred Med., P.C.*, 2005 WL 2777309, at *3. In addition, the court should consider whether prejudice would result to any party in the event of undue delay associated with misjoinder. *Davidson*, 736 F. Supp. 2d at 120.

It should be noted that severance of claims is the exception, rather than the rule. *Baergas v. City of N.Y.*, No. 04-CV-2944, 2005 WL 2105550, at *3 (S.D.N.Y. Sept. 22, 2009) (citing cases). Joinder of claims, parties, and remedies is strongly encouraged under the Federal Rules of Civil Procedure, and severance is a procedural device to be used sparingly, and only in "exceptional circumstances." *Baergas*, 2005 WL 2105550, at *3 (quotation marks omitted). Clearly, the interest of judicial economy is best served by a single trial of all of plaintiff's claims. Moreover, the scheduling of a single trial would minimize the security concerns associated with bringing the plaintiff, a prison inmate, to court for trial.

Nonetheless, there are sound reasons for granting the severance now sought by the defendants, particularly when considering the relevant factors. Not all of plaintiff's claims do not arise out of the same transaction or occurrence, and indeed many, if not most, are unrelated. *Compare Kelley v. Ferguson*, No.11-CV-13116, 2015 WL 1510384, at *4-5 (E.D. Mich. Mar. 24, 2015). While the legal principles to be applied may share some degree of commonality, the facts and circumstances surrounding the claims from the various prison facilities are distinct. Based upon my review, I conclude that a single trial in this matter would be potentially unwieldy and risks unnecessarily confusing the jury as it attempts to parse

plaintiff's claims from five different facilities against twenty-four defendants. The claims from the five various facilities involve different witnesses and evidence. Examining the question of potential prejudice to the plaintiff, I conclude that severance is not likely to result in any significant delay because, whether tried together or separately, plaintiff's claims are trial ready.

Having reviewed defendants' motion and examined the relevant factors, I conclude that the grouping of claims as proposed by the defendants into three separate trials is reasonable and manageable and consistent with interests of the parties and judicial economy. Accordingly, I recommend that defendants' motion be granted.

III. SUMMARY AND RECOMMENDATION

As it currently stands, plaintiff's amended complaint asserts twenty-nine causes of action against twenty-four defendants based upon events occurring at five separate correctional facilities. A trial of the matter, as currently configured, would be unwieldly to manage from the perspective of both a jury and the court and would involve proof pertaining to discrete issues. Accordingly, I recommend that the court exercise its discretion by granting defendants' motion, which plaintiff has not opposed. As is reflected above, I also recommend that the court make explicit directives

that, based upon earlier decisions, plaintiff's claims against certain of the remaining defendants be dismissed. Based upon the foregoing, it is hereby respectfully

RECOMMENDED as follows:

(1) Defendants' motion to sever (Dkt. No. 197) should be GRANTED.

(2) Plaintiff's remaining claims in this action should be severed and the court should conduct three distinct trials. The first trial should include all claims and defendants from Clinton, plus a medical indifference claim against Dr. Amatucci arising from Downstate, to include the following defendants: Superintendent Artus, Dr. Amatucci, R.N. Lashway, and Sgt. Menard. The second trial should address all claims and defendants involving events at the Five Points Correctional Facility, as against defendants Sgt. Barber, C.O. Bower, C.O. Carlee, C.O. Cioffa, Sgt. Jones, C.O. Prebalick, Hearing Officer Ramus, plus the plaintiff's due process claim against Deputy of Programming Cunningham at Green Haven and defendant Norman Bezio. The third trial should include all remaining claims, including those arising from Upstate Correctional Facility, plus the excessive force claim against Officer Cambria based upon events at an indeterminate location, and would include the following defendants: C.O.

Cambria, C.O. Belsio, Deputy Superintendent Colvin, Dr. Hawthorne,[13] R.N. Holmes, R.N. Fairchild, R.N. Atkinson, R.N. Chesbrough, Superintendent Lempke, Superintendent Rock, Sgt. Rowe, and C.O. Rozwell.

(3) Plaintiff's claims against defendants Fischer and Wright should be DISMISSED based upon lack of personal involvement.

(4) Plaintiff's claims against defendants Bellnier, Clemons, Johnson, Parmer, Perez, Smith, Thomas, Weinstock, and Weismann should be DISMISSED pursuant to the court's earlier order dismissing plaintiff's deliberate medical indifference claims against them.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[13] Although it appears from the chronology set forth in plaintiff's amended complaint that he is employed at Upstate, it is not entirely clear where Dr. Hawthorne is stationed. *See* Dkt. No. 45 at 23-24.

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:	August 17, 2015
	Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge