UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EON SHEPHERD,

                           Plaintiff,

     vs.                                             9:10-CV-1524

BRIAN FISCHER, et al.,

                           Defendants.
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

## DECISION & ORDER

This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was referred to the Hon. David E. Peebles, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The Report-Recommendation, dated August 17, 2015, recommended that the Defendants' motion to sever the trial in this case be granted, that the remaining claims should be heard in three separate trials, and that Plaintiff's claims against certain of the Defendants be dismissed.

Both parties filed timely objections to the Report-Recommendation. Plaintiff argued, *pro se*, that severing the trial was inappropriate because all claims in this case essentially arose from the same set of operative facts. Defendants do not object to severing the trial. Instead, Defendants argue that Defendant Dr. Amber Hawthorne should

1

be dismissed from the action because she was neither named in or served with any of the Complaints Plaintiff filed in this action, has not been served with process, and has not been represented by any attorney in this matter. See dkt. # 201.

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the parties' objections, this Court has determined to accept and adopt Magistrate Judge's Peebles recommendation that Defendants' motion that trial in this matter be severed for the reasons stated in the report and recommendation.

It is therefore

**ORDERED** that Plaintiff's objections to the report and recommendation, dkt. # 200 are hereby **OVERRULED**, and that the Report-Recommendation of Magistrate Judge Peebles, dkt. # 199, is hereby **ADOPTED**, as follows:

1. Defendants' motion to sever, dkt. # 197, is hereby GRANTED; and
2. Plaintiff's remaining claims in this action are hereby SEVERED, and the Court will conduct three distinct trials in this matter in the following fashion:

a. The first trial shall address all claims and Defendants associated with Clinton Correctional Facility, as well as the medical indifference claim against Dr. Amatucci to include defendants from Downstate Correctional Facility, including Defendants Superintendent Artus, Dr. Amatucci, R.N. Lashway and Sgt. Menard;

b. The second trial shall address all claims and defendants associated with events at the Five Points Correctional Facility, as against Defendants Sgt. Barber, C.O. Bower, C.O. Carlee, C.O. Cioffa, Sgt. Jones, C.O. Prebalick, and Hearing Officer Ramus, as well as Plaintiff's due process claim against Deputy of Programming Cuningham at Green Haven Correctional Facility and against Defendant Norman Bezio;

c. The third trial shall address all remaining claims, including those arising from Upstate Correctional Facility and the excessive force claim against Officer Cambria based upon events at an indeterminate location. That trial will include the following defendants, C.O. Cambria, C.O. Belsio, Deputy Superintendent Colvin, R.N. Holmes, R.N. Fairchild, R.N. Atkinson, R.N. Chesbrough, Superintendent Lempke, Superintendent Rock, Sgt. Rowe, and C.O. Rozwell;

d. Plaintiff's claims against Defendants Fischer and Wright are hereby DISMISSED for lack of personal involvement; and

e. Plaintiff's claims against Defendants Bellnier, Clemons, Johnson, Parmer, Perez, Smith, Thomas, Weinstock, and Weisman are hereby DISMISSED

pursuant to the court's earlier order dismissing Plaintiff's deliberate medical indifference claims against them.

However, Defendants' objections to the Report-Recommendation, dkt. # 200, are OVERRULED without prejudice to the extent they seek to have the Court dismiss any claims against Defendant Amber Hawthorne because Hawthorne was not named in any Complaint and never served in the action. The status of Dr. Hawthorne in this matter is unclear. Defendants are incorrect in claiming that Hawthorne was never named in any Complaint in this action. Review of the record indicates that Defendant Dr. Hawthorne was named in both the original Complaint, dkt. # 2, and the Amended Complaint, dkt. # 45. It is unclear whether Dr. Hawthorne was ever served with process or either Complaint. The record reveals that service was returned un-executed on Dr. Hawthorne on July 29, 2011, before Plaintiff filed his Amended Complaint. <u>See</u> dkt. # 39. It is incumbent upon Plaintiff, who is now represented by *pro bono* counsel in this matter, <u>see</u> dkt. # 196, to address the status of Dr. Hawthorne in this matter before the case proceeds to trial.

It is therefore ORDERED that the Plaintiff inform the Court within FOURTEEN (14) days to the date of this Order as to the status of Dr. Hawthorne in this matter. Failure to respond to the Court's Order within the time specified will cause the Court to take appropriate action with respect to Defendant Hawthorne.

**IT IS SO ORDERED.**

Dated: September 22, 2015

_____
Thomas J. McAvoy
Senior, U.S. District Judge