**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EON SHEPHERD,**

              **Plaintiff,**

      **v.**                                **9:10-CV-1524**

**SUPERINTENDENT LEMPKE,** *et al.*,

              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### DECISION & ORDER

**I.      INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon.

David E. Peebles, Chief United States Magistrate Judge, for the purpose of holding an

evidentiary hearing and issuing a report and recommendation addressing exhaustion of

administrative remedies.  In his October 28, 2016 Report and Recommendation, Dkt.

No. 252, Magistrate Judge Peebles provides a thorough review of the numerous claims

in this matter that are based on events occurring between April 2008 and November

2010 at five separate prison facilities operated by the New York State Department of

Corrections and Community Supervision ("DOCCS"),[1] and of the procedural history of

---

[1]"Generally speaking, Shepherd alleges that he was sexually and physically assaulted, and deprived of his freedom of religion, procedural due process, access to the courts, and adequate medical care." Rep. Rec. p. 3.

this case.[2] Magistrate Judge Peebles also placed the claims potentially implicated by defendants' exhaustion defense, together with the circumstances surrounding plaintiff's efforts to exhaust available administrative remedies, into four groupings, "each of which includes common circumstances insofar as exhaustion is concerned." Rep. Rec. p. 13.

Based upon the evidence adduced at the hearing, Magistrate Judge Peebles recommends:

(1) The following claims should be deemed exhausted and remain pending for trial:

| Claim No. | Defendant | Nature of Claim | Facility | Amended Complaint ¶ |
|---|---|---|---|---|
| 3 | Artus | Medical Indifference | Clinton | 31, 104-05, 108-09 |
| 4 | Artus | Religious Interference | Clinton | 31, 104-05, 108-09 |
| 13 | Carlee | Retaliation | Five Points | 18 |
| 15 | Cioffa | Excessive Force | Five Points | 19, 20 |

---

[2] Part of this procedural history is that the Court adopted Magistrate Judge Peebles's previous recommendation to grant defendants' motion that plaintiff's claims be divided into three categories with each group being tried separately. *See* Rep. Rec. p. 6; *see also* Dkt. No. 202. At the time this decision was entered, the three groups anticipated for purposes of trial were:

(1) All claims involving events at the Clinton Correctional Facility, plus a medical indifference claim against Dr. Amatucci arising from events at the Downstate Correctional Facility, and related claims against defendants Artus, Amatucci, Lashway, and Menard.

(2) All claims involving events at the Five Points Correctional Facility against defendants Barber, Bower, Carlee, Cioffa, Jones, Evans, Prebalick, and Ramus, plus plaintiff's due process claim against defendants Cunningham and Bezio arising from the events at the Green Haven Correctional Facility.

(3) All remaining claims, including those relating to events at the Upstate Correctional Facility, plus an excessive force cause of action against defendant Cambria based upon the events at an undetermined location. This third trial will include the following defendants: Belsio, Cambria, Colvin, Holmes, Fairchild, Atkinson, Chesbrough, Lempke, Rock, Rowe, and Rozwell.

*See* Rep. Rec. p. 6; *see also* Dkt. No. 202.

| 16 | Colvin | Excessive Force | Upstate | 86, 105, 108 |
|---|---|---|---|---|
| 17 | Colvin | Religious | Upstate | 86, 105, 108 |
| 18 | Colvin | Retaliation | Upstate | 86, 105, 108 |
| 19 | Cunningham | Due Process | Green | 107 |
| 20 | Evans | Excessive Force | Five Points | 20 |
| 23 | Jones | Failure to Protect | Five Points | 21 |
| 26 | Lempke | Excessive Force | Upstate | 86, 105, 108 |
| 27 | Lempke | Religious | Upstate | 86, 105, 108 |
| 28 | Lempke | Retaliation | Upstate | 86, 105, 108-09 |
| 32 | Prebalick | Retaliation | Five Points | 19-22 |
| 34 | Prebalick | Excessive Force | Five Points | 35 |
| 35 | Ramus | Due Process | Five Points | 107 |

(2) The following claims proceed to trial based on the parties' failure to address them in connection with defendants' exhaustion defense:

| Defendant | Cause of Action | Prison Facility |
|---|---|---|
| Amatucci | Medical Indifference | Downstate |
| Barber | Failure to Protect | Five Points |
| N. Bezio | Due Process | DOCCS Hq. |
| Cambria | Excessive Force | Unknown |
| Chesbrough | Retaliation | Upstate |
| Holmes | Retaliation | Upstate |
| Rock | Religious Interference | Upstate |
| Lashway (formerly sued as Hawthorne) | Medical Indifference | Clinton |

(3) The following claims should be dismissed based upon plaintiff's representation that they are not being asserted in this action:

| Claim No. | Defendant | Nature of Claim | Facility | Amended Complaint ¶ |
|---|---|---|---|---|
| 10 | Bower | Failure to Protect | Five Points | 15 |
| 11 | Bower | Retaliation | Five Points | 15 |
| 1 | Evans | Religious Interfer. | Five Points | |

(4) The following claims should be dismissed based upon the fact that complete exhaustion occurred only after this action was filed:

| Claim No. | Name | Nature of Claim | Facility | Amended Complaint ¶ |
|-----------|------|-----------------|----------|---------------------|
| 6 | Belsio | Religious Interference | Upstate | 41, 42 |
| 8 | Atkinson | Retaliation | Upstate | 90, 91 |
| 25 | Lashway | Medical Indifference | Clinton | 75, 76 |
| 31 | Prebalick | Religious Interference | Five Points | 35 |
| 36 | Rowe | Failure to Protect | Upstate | 43 |
| 37 | Rozwell | Excessive Force | Upstate | 43 |
| 38 | Rozwell | Religious Interference | Upstate | 43 |

(5) The following claims should be dismissed based upon plaintiff's failure to fully exhaust them:

| Claim No. | Name | Nature of Claim | Facility | Amended Complaint ¶ |
|-----------|------|-----------------|----------|---------------------|
| 5 | Belsio | Excessive Force | Upstate | 41, 42 |
| 7 | Belsio | Religious Interference | Upstate | 41, 42 |
| 9 | Bower | Excessive Force | Five Points | 15 |
| 12 | Carlee | Religious Interference | Five Points | 34 |
| 14 | Carlee | Excessive Force | Five Points | 34 |
| 22 | Fairchild | Retaliation | Upstate | 92 |
| 24 | Jones | Medical Indifference | Five Points | 87 |
| 29 | Menard | Excessive Force | Clinton | 28 |
| 30 | Menard | Religious Interference | Clinton | 28 |
| 33 | Prebalick | Excessive Force | Five Points | 16 |

and,

(6) The matter should be set down for trial involving the remaining claims.

Plaintiff filed objections through appointed counsel, Dkt. No. 253, and on a *pro se* basis, Dkt. No. 255; and defendants filed objections. Dkt. No. 254.

## II.  STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged,

the district court makes a "*de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  *See* 28

U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.

1997) (The Court must make a *de novo* determination to the extent that a party makes

specific objections to a magistrate's findings.).  General or conclusory objections, or

objections which merely recite the same arguments presented to the magistrate judge,

are reviewed for clear error.  *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y.

2008); *see Frankel v. N.Y.C.*, 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).  After

reviewing the report and recommendation, the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge.  The

judge may also receive further evidence or recommit the matter to the magistrate judge

with instructions."  28 U.S.C. § 636(b).

## III.  DISCUSSION

### a.  Plaintiff's  Objections

#### 1.  Post-Commencement Exhaustion

Plaintiff objects through counsel and on a *pro se* basis to Magistrate Judge

Peebles's conclusion that plaintiff's claims that were exhausted after the action was

commenced but before an amended complaint was filed ("Group Two", Claim Nos. 6,

36, 37 and 38) are nonetheless unexhausted under the holding of  *Neal v. Goord*, 267

F.3d 116, 121-22 (2d Cir. 2001), *abrogated in part on other grounds by  Porter v.*

*Nussle*, 534 U.S. 516 (2002). Plaintiff argues that although the Second Circuit stated in

*Neal* that "exhausting administrative remedies after a complaint is filed will not save a

case from dismissal," the Circuit's decision did not specifically address situations where,

as here, a claim is exhausted after commencement but prior to the filing of an amended

complaint. Pl. Obj., p. 2. The Court finds no basis to reject Magistrate Judge Peebles's

conclusion in this regard.

> As Magistrate Judge Peebles explained:
>
> It is not clear from the court's decision in *Neal* that the plaintiff had
> included new claims in his amended complaint that were not asserted in
> his original complaint. In his *amicus curiae* brief to the Second Circuit,
> however, the New York State Attorney General explained that the
> plaintiff's amended complaint included newly asserted deliberate medical
> indifference causes of action that were not originally pleaded. Amicus
> Brief, *Neal v. Goord*, 267 F.3d 116 (2d Cir. 2001) (No. 99-0253), 2001 WL
> 34121400, at *2-4. The Second Circuit affirmed the district court's
> dismissal of all of the plaintiff's claims, including the deliberate medical
> indifference causes of action, because none of them had been fully
> exhausted by the time the plaintiff filed his original complaint. *Neal*, 267
> F.3d at 121-23.

Rep. Rec. p. 21, n. 16.

Thus, Magistrate Judge Peebles concluded that "[w]hile some circuits analyzing

this fact pattern have permitted plaintiffs to litigate the causes of action that were

newly included in an amended complaint and fully exhausted by the time the plaintiffs

filed the amended complaint, the Second Circuit squarely addressed those facts in *Neal*

and concluded otherwise." *Id.* p. 22 (citing *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir.

2010); *Barnes v. Briley*, 420 F.3d 673 (7th Cir. 2005)). The Court agrees with

Magistrate Judge Peebles's conclusion. Moreover, the courts in this District have

almost uniformly held that "a post-exhaustion amendment of the complaint cannot cure

an exhaustion defect existing at the time the action was commenced." *Guillory v. Haywood*, 2015 WL 268933, *11 (N.D.N.Y. Jan. 21, 2015) (citing *Neal*, 267 F.3d at 122) (other citation omitted); *see Thousand v. Corrigan*, 2017 WL 1093275, at *3 (N.D.N.Y. Mar. 23, 2017)(quoting *Guillory*);  *Reid v. Marzano*, 2017 WL 1040420, at *2 (N.D.N.Y. Mar. 17, 2017)(quoting *Guillory*);  *Kearney v. Gebo*, 2017 WL 61951, at *2 (N.D.N.Y. Jan. 4, 2017)(quoting *Guillory*);  *Toliver v. Fischer*, 2016 WL 3351974, at *4 (N.D.N.Y. Mar. 22, 2016)(quoting *Guillory*), report and recommendation adopted *sub nom. Toliver v. Stefinik*,  2016 WL 3349316 (N.D.N.Y. June 15, 2016); *Klein v. Fischer*, 2015 WL 5174031, at *19 (N.D.N.Y. Sept. 2, 2015) ("Furthermore, a post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was commenced.")(citing *Kasiem v. Switz*, 756 F. Supp.2d 570, 575 (S.D.N.Y. 2010) in turn citing *Neal*, 267 F.3d at 122); *see also Stimpson v. Comm'r Correction Off.*, 2017 WL 326314, at *2 (D. Conn. Jan. 23, 2017).[3]  The Court finds that under *Neal*,  post-exhaustion amendment of the complaint does not cure an exhaustion defect existing at the time the action was commenced.  Thus, plaintiff's objection on this ground is overruled.

## 2. Challenge to Credibility Assessment

With respect to Groups 3 and 4, Magistrate Judge Peebles recommended dismissal of claim nos. 5, 7, 9, 12, 14, 24, 29, 30 and 33,  because he did not find

---

[3]("[P]risoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 83–85 (2006). Thus, completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). Accordingly, I instructed Stimpson that any amended complaint must include allegations regarding any attempts by him to exhaust administrative remedies with regard to his claims prior to filing this lawsuit.")

plaintiff's testimony relative to exhaustion of those claims to be credible. Rep. Rec. at

26, *see id.*, pp. 24-26.[4]  Plaintiff argues through counsel that because the Court must

conduct a *de novo* determination when objections are filed, the Court has discretion to

conduct its own hearing in order to make its own assessment of credibility.  Plaintiff

himself, in his *pro se* submission, also challenges Magistrate Judge Peebles's credibility

determinations, arguing that all of his testimony should have been deemed credible.

---

[4] In this regard, Magistrate Judge Peebles wrote:

Having reviewed the evidence and observed his demeanor, I conclude that, with limited exception, which will be discussed more below, plaintiff was not credible insofar as he testified that he submitted grievances concerning the incidents that are the basis for his claims in  groups three and four. It is worth noting that, while plaintiff was able to produce alleged copies of the grievances and follow-up letters that relate to the claims in group three at the exhaustion hearing, those documents were not provided to defendants during the course of discovery. Dkt. No. 249-2 at 79. Plaintiff explained that he failed to produce those documents earlier in the litigation because he had sent copies of the grievances and letters to his family members for safekeeping but was only recently able to retrieve them. *Id.* at 83-85. Plaintiff did not offer any explanation as to why copies of some but not all of his grievances and letters were available from his family members. Moreover, his explanation concerning which of his family members possessed those grievances has been inconsistent. At the hearing, plaintiff testified that the copies were retrieved from his son, *id.* at 84, but plaintiff testified under oath during his deposition that his wife was in possession of any document that had not previously been produced during discovery. *Id.* at 85-86.

Plaintiff's credibility must be measured with his prior grievance history as a backdrop. Plaintiff is no stranger to the grievance process, and there is no evidence that, aside from the grievances related to the claims in groups three and four, plaintiff has experienced any difficulty in filing and pursuing grievances over the course of his incarceration. Indeed, according to Jeffrey Hale, the Assistant Director of the DOCCS Inmate Grievance System, as of one day prior to the start of the hearing, plaintiff had appealed 445 grievances to the CORC, with an additional nine appeals then-pending. Dkt. No. 249-2 at 128-29. The sheer number of grievances that plaintiff has pursued during his incarceration leaves no doubt that he is well-versed in the grievance process.

In my view, the evidence adduced by the parties with regard to the claims in group three and four support a recommended finding that, except with respect to claims 15, 20, 23, and 32, all of the claims are unexhausted and subject to dismissal on that basis. Although plaintiff adduced purported copies of grievances and/or letters regarding his exhaustion attempts in connection with claims 9, 12, 14, 29, 30, and 33, all of which are part of group three, there is no independent evidence to corroborate plaintiff's testimony in this regard. In addition, there is no record evidence at all to support plaintiff's hearing testimony that he filed grievances regarding claims 5, 7, and 24 in group four. Because I did not find plaintiff's testimony credible for the reasons already discussed above, I recommend the court dismiss claims 5, 7, 9, 12, 14, 24, 29, 30, and 33 as unexhausted.

Neither plaintiff's counsel nor plaintiff himself have presented sufficient reasons for the Court to exercise its discretion and conduct its own hearing. Because Magistrate Judge Peebles was in a position to view plaintiff's testimony and assess his credibility based on his demeanor and in light of the other evidence presented in the case, *see* Rep. Rec. 24-26, and because plaintiff has not presented sufficient reasons to conclude that Magistrate Judge Peebles erred in his credibility determination, the Court adopts those determinations and overrules plaintiff's objection on this ground.

### 3. Burden of Proof

Plaintiff argues in his *pro se* submission that Magistrate Judge Peebles improperly placed the burden upon him to prove that he exhausted his administrative remedies. There is no merit to this contention. As Magistrate Judge Peebles explained, the Prison Litigation Reform Act imposes several restrictions on the ability of prisoners to maintain federal civil rights actions, including a mandatory requirement that the inmate exhaust his administered of remedies. While exhaustion is a condition precedent to bringing suit by an inmate, Magistrate Judge Peebles indicated that "[i]n the event *a defendant establishes* that the inmate plaintiff failed fully comply with the administrative process prior to commencing an action in federal court, the plaintiff's complaint is subject to dismissal." Rep. Rec., p. 8 (emphasis added). In light of this statement clearly placing the burden on the defendants to establish plaintiff's failure to comply with administrative exhaustion procedures, plaintiff's objection on the ground that he was required to prove exhaustion in the first instance is disingenuous. The objection is overruled.

9

**b. Defendants' Objections**

**1. Claim 4 against Artus**

Claim 4 is a religious freedom claim in Group One against defendant Artus

stemming from incidents spanning from October-December 2009 at Clinton

Correctional Facility.  Defendants argue that because plaintiff's grievance list from 2009

at Clinton Correctional Facility reveals only two grievances, neither of which asserted

denial of religious freedom, plaintiff could not have exhausted his administrative

remedies on this claim. Def. Mem. Law, p. 2.   For the reasons that follow, the objection

is overruled.

Magistrate Judge Peebles addressed defendants' contention that plaintiff failed

to exhaust the available administrative remedies against defendant Artus (as well as

against defendants Colvin and Lempke) on the Group One claims because plaintiff did

not file any grievances that specifically identified Artus or complained of his conduct.  In

denying the argument, Magistrate Judge Peebles correctly recognized that "the weight

of authority . . . suggests that inmate-plaintiffs need not file grievances identifying

particular individuals or articulating a particular theory of liability (much less specifically

grieve a supervisor theory of liability)."  Rep. Rec. p. 19 (citing, *inter alia*, *Brownell v.*

*Krom*, 446 F.3d 305, 310 (2d Cir. 2006)("In determining whether exhaustion has been

achieved, we have drawn an analogy between the contents of an administrative

grievance and notice pleading, explaining that as in a notice pleading system, the

grievant need not lay out the facts, articulate legal theories, or demand particular relief.

All the grievance need do is object intelligibly to some asserted shortcoming.")(interior

quotation marks and alteration omitted)).  However, Magistrate Judge Peebles also

indicated in a footnote: "In attacking the claims falling into group one, defendants have

not argued that plaintiff failed to file grievances regarding the underlying constitutional

deprivations.  Accordingly, I have not scoured the available record to determine whether

plaintiff did, in fact, file grievances addressing those violations." Rep. Rec. p. 19, n. 15.

Thus, defendants appear to be raising an issue that was not presented to Magistrate

Judge Peebles.

While the question of "[w]hether a party may raise a new legal argument ... for

the first time in objections to [a magistrate judge's report and recommendation] has not

yet been decided in this Circuit, . . . [s]ome courts in this circuit have stated, as a

general matter, that a 'party waives any arguments not presented to the magistrate

judge. *Levy v. Young Adult Institute, Inc.*, 2015 WL 1958889, at \*4 (S.D.N.Y. Apr.30,

2015).   Other courts have held that district courts should not consider belatedly made

arguments because doing so negates "efficiencies gained through the Magistrates Act

and would permit litigants to change tactics after the issuance of [a report and

recommendation]."  *Amadasu v. Ngati*,  2012 WL 3930386, at \*5 (E.D.N.Y. Sept. 9,

2012).   District Judge D'Agostino has held that "[l]egal arguments may not be raised for

the first time in an objection." *Lewyckyj v. Colvin*, 2014 WL 3534551, at \*2 (N.D.N.Y.

July 17, 2014)(citing *Abu–Nassar v. Elders Futures. Inc.*, 1994 WL 445638, \*5 n. 2

(S.D.N.Y. Aug.17, 1994)("If the Court were to consider ... untimely contentions, it would

unduly undermine the authority of the Magistrate Judge by allowing litigants the option

of waiting until a Report is issued to advance additional arguments.").

The Court finds that the defendants have waived the argument that plaintiff's grievances from 2009 at Clinton Correctional Facility failed to assert the basis of a denial of religious freedom claim against Artus. Defendants could have raised the argument before Magistrate Judge Peebles who conducted an extensive review of the claims in this matter and a thorough fact-finding hearing. To allow defendants to raise the matter now would undermine the authority of Magistrate Judge Peebles, negate the judicial efficiencies gained through the report and recommendation procedure, and seemingly allow defendant to raise a new argument in a forum that does not ordinarily invite adversarial responses. Moreover, defendants failed to attach to their objections the two grievances to which they refer, nor do they point the Court to where in the record the grievances could be found. Thus, efficiency and fairness does not militate in favor of considering the matter now. Still further, the defendants fail to provide any reason why the issue was not raised before Magistrate Judge Peebles, and the Court does not find that manifest injustice will result if the new argument is not considered. Accordingly, defendants' objection in this regard is overruled.

**2. Claims against Colvin & Lempke**

Claims 16, 17, and 18 against defendant Colvin, and claims 26, 27, 28 against defendant Lempke, are for excessive use of force, denial of religious freedom, and retaliation allegedly occurring at Upstate Correctional Facility. *See* Am. Comp. ¶¶ 86, 105 and 108. Defendants argue that because (1) the Amended Complaint "generally reads in chronological order; (2) paragraph 86 is embedded in the section entitled "Denial of Medical Care;" and, (3) paragraph 86 encompasses paragraphs 62-109, "it

is clear from reading this section of the amended complaint as a whole that plaintiff is referring to a time period prior to, or at most, to June 22, 2010. This is such because the subsequent paragraph, 87, clearly begins with allegations stemming from June 22, 2010." Def. Mem. L. p. 2.  Defendants further assert that "Plaintiff's movement history shows that between August 7, 2009 and June 22, 2010, he was not housed at Upstate." *Id.*  From this, defendants argue that because "supervisors cannot be liable for the conduct, policies or procedures of staff at a different facility," *id.,* Colvin and Lempke cannot be held responsible for claims 16, 17, 18, 26, 27, and 28. *See id.* ("[I]rrespective of whether [plaintiff] filed grievances regarding the underlying claims contained in paragraph 86, plaintiff's claims against Colvin and Lempke are misplaced in their capacity as supervisors because these defendants could not have had any control over the conditions in another facility, and therefore they were not personally involved."). Thus, defendants contend that the Court should "dismiss these claims against Colvin and Lempke." *Id.*

Defendants' argument is not addressed to Magistrate Judge Peebles's recommendation that dealt with whether plaintiff exhausted his administrative remedies, but rather to whether claims 16, 17, 18, 26, 27, and 28 are legally viable.  Because this objection is not addressed to an alleged error by Magistrate Judge Peebles in recommending whether plaintiff exhausted administrative remedies, but rather appears to be an attempt to convert a  28 U.S.C. § 636(b)(1) objection into a Rule 56 summary judgment motion, the objection is overruled.  Defendants can challenge the sufficiency of these claims at the time of trial.

### 3. Claims against Artus, Colvin, and Lempke

Defendants make similar arguments addressed to the legal sufficiency of claims

brought against Artus, Colvin, and Lempke in paragraphs 105 and 108. For the

reasons discussed above, defendants' objections in this regard are overruled. Again,

defendants can challenge the sufficiency of these claims at the time of trial.

### 4. Claims 15, 20, 23, and 32

Claims 15, 20, 23, and 32 against Defendant Prebalick, Cioffa, Evans and Jones

allege excessive use of force and the failure to protect on May 6, 2010. With regard to

administrative exhaustion of these claims, Magistrate Judge Peebles found:

> All of these claims relate to the same incident that allegedly occurred on
> May 6, 2010, and involved the use of force by defendants Prebalick,
> Cioffa, and Evans. Dkt. No. 45 at 5. Plaintiff also alleges that defendant
> Jones was present for, and failed to protect him from, the use of force. *Id.*
> In support of plaintiff's contention that he filed a grievance, dated May 7,
> 2010, regarding the excessive force and failure to protect claims asserted
> against defendants Prebalick, Cioffa, Evans, and Jones, plaintiff adduced,
> *inter alia*, a letter he addressed to Karen Bellamy, the DOCCS Director of
> Inmate Grievance, dated August 13, 2010, inquiring about the status of
> "several grievances [he had filed] in May 2010[.]" Exhs. P-E-6, P-G-6.
> Bellamy responded to plaintiff in a letter dated September 22, 2010,
> pointing out that her review of prison records demonstrated that plaintiff
> had filed six grievances at Five Points in May 2010. Exhs. P-E-7, P-G-7.
> By the time plaintiff sent his letter to Bellamy on August 17, 2010, he had
> received a response to five other grievances he had filed in May 2010.
> Exhs. D-7, D-8, D-9, D-10, D-11. It remains a mystery why some of the
> grievances filed by plaintiff at Five Points in May 2010 were processed but
> not the grievance allegedly relating to the incident involving defendants
> Prebalick, Cioffa, Evans, and Jones on May 6, 2010. One possible
> explanation is that plaintiff did not actually file a grievance. Another
> possibility is that, assuming plaintiff filed the grievance, prison officials
> interfered, intentionally or not, in a manner that resulted in plaintiff's
> grievance never being processed. Unlike plaintiff's testimony regarding
> other claims in groups three and four, his testimony regarding claims 15,
> 20, 23, and 32 is accompanied by his letter to Bellamy, which is stamped
> as having been received by Bellamy's office, and Bellamy's response to

his letter. Exhs. P-E-6, P-E-7, P-G-6, P-G-7. Because the contents of those letters plausibly suggest that plaintiff's grievance related to the incident on May 6, 2010, involving defendants Prebalick, Cioffa, Evans, and Jones was submitted but never processed, I have credited plaintiff's testimony regarding the claims arising from that incident only. Accordingly, I recommend defendants' motion to dismiss be denied with respect to claims 15, 20, 23, and 32.

Rep. Rec. pp. 28-29.

Defendants argue, *inter alia*, that "[a]lthough the last line of plaintiff's letter to Bellamy indicates 'please find the enclosed unanswered grievances,' and even affording plaintiff the benefit that the letters contained in [the various exhibits] are the enclosure he is referring to, plaintiff still falls short of proper exhaustion. Respectfully, [Magistrate Judge Peebles] did not address the next inquiry which is whether plaintiff appealed the non-response to the Superintendent." Def. Mem. L., p. 3.

In *Johnson v. Tedford*, 616 F. Supp. 2d 321 (N.D.N.Y 2007), the court indicated that "in light of the Second Circuit's [*Hemphill v New York*, 380 F.3d 680 (2d Cir. 2004)] decision, several Southern District cases have recognized that when a prisoner asserts a grievance to which there is no response, and it is not recorded or assigned a grievance number, administrative remedies may be completely exhausted, as there is nothing on record for the next administrative level to review." *Id.* at 326. However, and despite that the exceptional circumstance exception of *Hemphill* has recently been abrogated,[5] *Johnson* has been repeatedly distinguished by the Northern District. As

---

[5]In *Ross v. Blake*, ——U.S. —— 136 S. Ct. 1850 (2016), the Supreme Court rejected the Second Circuit's "extra-textual" exception to the PLRA's exhaustion requirement which allowed the taking into account of "special circumstances" to justify a prisoner's failure to comply with administrative procedural requirements. *See Ross*, 136 S. Ct. at 1856-57. *Ross* has been interpreted as abrogating the special-circumstances exception set forth in *Hemphill*. *See Riles v. Buchanan,* 656 Fed. Appx. 577, 581 (2d Cir. 2016)("Finally, to the extent Riles relies on our decision in *Hemphill* . . . to argue that special

(continued...)

Chief Judge Suddaby wrote in *Smith v. Kelly*, 985 F. Supp. 2d 275 (N.D.N.Y. 2013):

> There appears to be a conflict in case law regarding whether the IGRC's nonresponse must be appealed to the superintendent where the plaintiff's grievance was never assigned a grievance number. After carefully reviewing this case law, the Court finds that the weight of authority (and better-reasoned authority) answers this question in the affirmative. The Court notes that, if the plaintiff adequately describes, in his appeal to the superintendent, the substance of his grievance (or if the plaintiff attaches, to his appeal, a copy of his grievance), and the plaintiff adequately describes the failure to process the grievance, there is something for the superintendent to review.

*Id.* at 281–82 (N.D.N.Y. 2013)(collecting cases).

Based on the weight of authority, the Court agrees with defendants that the failure by the IGRC or the Superintendent to timely respond to a grievance or first level appeal must itself be appealed to the next level, including the CORC, in order to properly complete the grievance process. *See Simmon v. Uhler*, 2015 WL 5655561, at *4 (N.D.N.Y. Sept. 24, 2015) ("[T]he failure by the IGRC or the Superintendent to timely respond to a grievance or first level appeal must be appealed to the next level, including the CORC, in order to properly complete the grievance process.")(citing *Pacheco v. Drown*, 2010 WL 144400, at *19 & n. 21 (N.D.N.Y. Jan. 11, 2010); *Smith v. Kelly*, 985 F. Supp.2d at 281–82 & n. 8 (N.D.N.Y. 2013)); *Goodson v Silver*, 2012 U.S. Dist. LEXIS 137177, at *11 (N.D.N.Y. Sept. 25, 2012) (stating that "any failure by the IGRC or the superintendent to timely respond to a grievance or first-level appeal, respectively,

---

[5](...continued)
circumstances excuse his failure to exhaust available remedies, that avenue has been foreclosed.")(citing *Williams v. Priatno*, 829 F.3d 118, 123, 2016 WL 3729383, at *4 (2d Cir. July 12, 2016)(explaining that *Ross* abrogated the special-circumstances exception and "supplant[ed] our *Hemphill* inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available").

can – and must – be appealed to the next level, including CORC, to complete the grievance process"); *Veloz v New York*, 339 F. Supp.2d 505, 516 (S.D.N.Y. 2004) (holding that an inmate in the New York State system was required to appeal even if he did not get a response to allegedly misplaced or destroyed grievances).

The law is clear that simply writing letters to supervisory officials is insufficient to exhaust administrative remedies, *Simmon*, 2015 WL 5655561, at *4 n. 5 (citing *Perez v. Blot*, 195 F. Supp. 2d 539, 544-45 (S.D.N.Y. 2002) (citing cases)); *Masas v. Conte*, 2015 U.S. Dist. LEXIS 50527 (N.D.N.Y Mar. 25, 2015), so plaintiff's letter to Bellamy does not satisfy his exhaustion obligation. Moreover, there is no evidence that plaintiff, "an experienced *pro se* litigant who has filed multiple actions in this and other courts as a New York State prison inmate," Rep. Rec. 2, who undoubtedly was familiar with the grievance and appeal process, *see* Hear Tr. pp. 113:15 – 116:6,[6] 128:21-129:4,[7] Def. Post-Hearing Mem. L. p. 10,[8] appealed the non-response to his grievance addressed to the facts underlying claims 15, 20, 23, and 32 against Prebalick, Cioffa, Evans and Jones. Accordingly, these claims are dismissed for failure to exhaust administrative remedies.

---

[6]Jeffrey Hale, Assistant Director of the Central Office Review Committee, testified at plaintiff's evidentiary hearing that there are safeguards in place in DOCCS' grievance process for inmates specifically for this type of situation, as plaintiff purports to be. Hear Tr. pp. 113:15 – 116:6. That is, if an inmate does not receive a response to a grievance, "[t]hey just write a simple note to the IGRC clerk or they can address it to the inmate grievance program supervisor requesting to appeal that grievance to the next level of review." Hear Tr. p. 113:15-23. Mr. Hale testified that inmates have a two week timeframe within which to file an appeal of a non-response to the Superintendent, and, in addition, inmates also have the same recourse for filing a late appeal as they would a timely appeal. *Id.* 114:9-115:25.

[7]Mr. Hale testified that, at the time of plaintiff's hearing, plaintiff had successfully exhausted 445 grievances and had 6 appeals pending. Hear. Tr. pp.128:21-129:4.

[8]Defendants contend that Plaintiff successfully exhausted an estimated 300 grievances at the time he filed this law suit. Def. Post-Hearing Mem. L., p. 10 (citing Hearing Ex. D-3).

## IV.  CONCLUSION

For the reasons discussed above, Magistrate Judge Peebles's  October 28, 2016 Report and Recommendation, Dkt. No. 252, is accepted in part and rejected in part, as follows:

(1) The following claims are deemed exhausted and remain pending for trial:

| Claim No. | Defendant | Nature of Claim | Facility | Amended Complaint ¶ |
|---|---|---|---|---|
| 3 | Artus | Medical Indifference | Clinton | 31, 104-05, 108-09 |
| 4 | Artus | Religious Interference | Clinton | 31, 104-05, 108-09 |
| 13 | Carlee | Retaliation | Five Points | 18 |
| 16 | Colvin | Excessive Force | Upstate | 86, 105, 108 |
| 17 | Colvin | Religious | Upstate | 86, 105, 108 |
| 18 | Colvin | Retaliation | Upstate | 86, 105, 108 |
| 19 | Cunningham | Due Process | Green | 107 |
| 26 | Lempke | Excessive Force | Upstate | 86, 105, 108 |
| 27 | Lempke | Religious | Upstate | 86, 105, 108 |
| 28 | Lempke | Retaliation | Upstate | 86, 105, 108-09 |
| 34 | Prebalick | Excessive Force | Five Points | 35 |
| 35 | Ramus | Due Process | Five Points | 107 |

(2) The following claims will also proceed to trial based on the parties' failure to address them in connection with defendants' exhaustion defense:

| Defendant | Cause of Action | Prison Facility |
|---|---|---|
| Amatucci | Medical Indifference | Downstate |
| Barber | Failure to Protect | Five Points |
| N. Bezio | Due Process | DOCCS Hq. |
| Cambria | Excessive Force | Unknown |
| Chesbrough | Retaliation | Upstate |
| Holmes | Retaliation | Upstate |
| Rock | Religious Interference | Upstate |

| | | | |
|---|---|---|---|
| Lashway (formerly sued as Hawthorne) | Medical Indifference | Clinton | |

(3) The following claims are dismissed based upon plaintiff's representation that they are not being asserted in this action:

| Claim No. | Defendant | Nature of Claim | Facility | Amended Complaint ¶ |
|---|---|---|---|---|
| 10 | Bower | Failure to Protect | Five Points | 15 |
| 11 | Bower | Retaliation | Five Points | 15 |
| 21 | Evans | Religious Interfer. | Five Points | 32 |

(4) The following claims are dismissed based upon the fact that complete exhaustion occurred only after this action was filed:

| Claim No. | Name | Nature of Claim | Facility | Amended Complaint ¶ |
|---|---|---|---|---|
| 6 | Belsio | Religious Interference | Upstate | 41, 42 |
| 8 | Atkinson | Retaliation | Upstate | 90, 91 |
| 25 | Lashway | Medical Indifference | Clinton | 75, 76 |
| 31 | Prebalick | Religious Interference | Five Points | 35 |
| 36 | Rowe | Failure to Protect | Upstate | 43 |
| 37 | Rozwell | Excessive Force | Upstate | 43 |
| 38 | Rozwell | Religious Interference | Upstate | 43 |

(5) The following claims are dismissed based upon plaintiff's failure to fully exhaust them:

| Claim No. | Name | Nature of Claim | Facility | Amended Complaint ¶ |
|---|---|---|---|---|
| 5 | Belsio | Excessive Force | Upstate | 41, 42 |
| 7 | Belsio | Religious | Upstate | 41, 42 |
| 9 | Bower | Excessive Force | Five Points | 15 |
| 12 | Carlee | Religious | Five Points | 34 |
| 14 | Carlee | Excessive Force | Five Points | 34 |
| 22 | Fairchild | Retaliation | Upstate | 92 |
| 24 | Jones | Medical Indifference | Five Points | 87 |
| 29 | Menard | Excessive Force | Clinton | 28 |

| 30 | Menard | Religious | Clinton | 28 |
|----|--------|-----------|---------|-----|
| 33 | Prebalick | Excessive Force | Five Points | 16 |
| 15 | Cioffa | Excessive Force | Five Points | 19, 20 |
| 20 | Evans | Excessive Force | Five Points | 20 |
| 23 | Jones | Failure to Protect | Five Points | 21 |
| 32 | Prebalick | Retaliation | Five Points | 19-22 |

The Court Clerk's Office shall now schedule three trials for the remaining claims in accordance with the Court's September 22, 2015 Decision and Order, Dkt. No. 202, taking into account claims and defendants that are dismissed from the action by this Decision and Order.  To aid the Court Clerk's Office in scheduling these trials, each part shall submit, within thirty (30) days, a status letter indicating the claims and defendants that remain pending and that they contend should be tried in each of the trials ordered by the Court on September 22, 2015, Dkt. No. 202.

**IT IS SO ORDERED.**

Dated:March 30, 2017

Thomas J. McAvoy
Senior, U.S. District Judge